UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD D. KABIR,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. SACV 13-01673 AN<br><br>MEMORANDUM AND ORDER |

Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising three disputed issues. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. This matter is now ready for decision.

**Issue #1**

Plaintiff contends that the Administrative Law Judge ("ALJ") failed to give proper consideration to the opinion of the examining physician, John Godes, M.D. (JS 3-6.)

Dr. Godes conducted a complete internal medicine evaluation of Plaintiff in February 2012. (AR 591-96.) Dr. Godes diagnosed Plaintiff with hypertension, status post nephrectomy for carcinoma of the kidney, and lumbar discogenic disease with radicular symptoms. (AR 595.) He assessed Plaintiff with the functional ability to: lift 20

pounds occasionally and 10 pounds frequently; stand or walk for 6 hours in an 8-hour workday; and sit for 6 hours in an 8-hour workday. (AR 596.) In a medical source statement completed on the same day as Plaintiff's internal medicine evaluation, Dr. Godes further described Plaintiff's ability to sit, stand, and walk. (AR 598.) Dr. Godes opined that Plaintiff is able to: sit for 6 hours without interruption, for a total of 6 hours in an 8-hour workday; stand for 1 hour without interruption, for a total 3 hours in an 8-hour workday; and walk for 1 hour without interruption, for a total of 3 hours in an 8-hour workday. (AR 598.) The ALJ stated that she gave "great weight" to Dr. Godes' opinion. (AR 18.)

The ALJ assessed Plaintiff with a residual functional capacity ("RFC") for light work,[1] but found that Plaintiff would require breaks every hour to stand and stretch for 1 to 3 minutes, is limited to occasional stooping and bending, cannot climb ladders, work at heights, or balance, and needs to work in an air-conditioned environment for temperature control. (AR 16.) Based on this RFC and the testimony of the vocational expert ("VE"), the ALJ concluded that Plaintiff was capable of returning to his past work as a food sales clerk, as that job is generally performed. (AR 19, 57-58, 171); *see* Dictionary of Occupational Titles ("DOT") 290.477-018.

Plaintiff contends that the ALJ failed to properly consider Plaintiff's standing and walking limitations, as set forth in Dr. Godes' medical source statement. (JS 4, 598.) Specifically, Plaintiff asserts that the ALJ's finding that Plaintiff requires a 1 to 3 minute break every hour to stretch before returning to standing or walking does not account for Dr. Godes' findings that Plaintiff is limited to standing or walking for 1 hour blocks of time. (JS 4-5.) Plaintiff also asserts that Dr. Godes' findings that Plaintiff is limited to

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *See* 20 C.F.R. §§ 404.1567(b), 416.967(b). To be considered capable of performing a full or wide range of light work, a claimant must have the ability to do substantially all of these activities. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b).

standing a maximum of 3 hours in a workday and walking a maximum of 3 hours in a workday conflict with the ALJ's RFC assessment for light work. (JS 4; AR 16, 598.)

It is the ALJ's role to interpret the medical evidence and resolve any conflicts or ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."). Here, although Dr. Godes did not specify the duration of the breaks Plaintiff would need after an hour of standing or walking, the ALJ's finding that Plaintiff would need hourly breaks of 1 to 3 minutes to stand and stretch was a reasonable interpretation of Dr. Godes' opinion. (AR 16, 598.) While Plaintiff may interpret the medical evidence differently, the ALJ's interpretation is entitled to deference. (AR 16, 596, 598); *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence"); *see Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("[w]e must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). The ALJ's determination as to the total amount of walking and standing that Plaintiff could perform in a workday, however, was not supported by substantial evidence. (JS 4-5; AR 598.) The ALJ found that Plaintiff was capable of light work, which "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Social Security Ruling 83-10; 20 C.F.R. §§ 404.1567(b), 416.967(b). Dr. Godes, on the other hand, opined in the medical source statement that Plaintiff was limited to standing for a total of 3 hours and walking for a total of 3 hours in an 8-hour workday. (AR 598.) The ALJ did not acknowledge that Dr. Godes' opinion could be inconsistent with an RFC for light work, nor did the ALJ offer any valid reasons for rejecting Dr. Godes' findings in the medical source statement. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (if a treating or examining physician's opinion on disability is controverted, it can be rejected only with specific and legitimate reasons supported by substantial evidence in the record). Instead, the ALJ simply cited Dr. Godes' more general finding in the internal medicine evaluation report that Plaintiff was capable of standing or walking 6 hours in

an 8-hour workday. (AR 18, 596.) The ALJ's selective reliance on one aspect of Dr. Godes' opinion that supported the ALJ's RFC assessment, while ignoring the more specific and restrictive limitation in the medical source statement constitutes error. *See Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (holding that ALJ failed to provide substantial evidence for his decision where ALJ "selectively focused on aspects of [physician's] report which tend[ed] to suggest non-disability"); *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability") (citing *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984)). If the ALJ wished to rely on Dr. Godes' opinion, she had a duty to further develop the record to resolve its ambiguities. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (duty to develop record is triggered "when there is ambiguous evidence").

In a related claim, Plaintiff argues that the ALJ erred by presenting the VE with incomplete hypothetical questions that did not accurately reflect Dr. Godes' assessment of Plaintiff's standing and walking limitations. (JS 4-5; AR 57-58.) "Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant . . ." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). The ALJ asked the VE to consider an individual similar to Plaintiff who was capable of sitting, standing or walking 6 hours in an 8-hour workday. (AR 57-58.) Because the ALJ improperly disregarded Dr. Godes' opinion suggesting more significant standing and walking limitations, as discussed above, the hypotheticals posed to the VE were legally inadequate. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006); *see also Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value.").

Accordingly, remand is warranted on Issue #1.[2/]

**Issue #2**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting his subjective symptom testimony. (JS 10-17.) Plaintiff testified that he is limited to sitting 20 minutes, standing 10 minutes, walking 15 minutes, and lifting 15 pounds. (AR 17-18, 46, 52, 147.) Plaintiff reported that he has tension in his back, pain in his thigh, and difficulty focusing. (AR 47, 53, 147.)

In assessing Plaintiff's credibility, the ALJ found that Plaintiff's allegations of disabling limitations were contradicted by the medical evidence. (AR 18.) In particular, the ALJ highlighted Dr. Godes' findings on examination that contradicted Plaintiff's statements about the extent of his limitations for sitting, standing, walking, and lifting. (AR 17-18, 46, 52, 147, 596, 598.) Although the lack of objective medical evidence alone cannot support an ALJ's adverse credibility finding, it is a proper factor for the ALJ to consider. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may consider the inconsistency between claimant's subjective complaints and objective medical findings in the credibility analysis); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (objective medical evidence may not be sole reason for discounting credibility but is nonetheless a legitimate and relevant factor to be considered in assessing credibility).

The ALJ also found that Plaintiff's impairments were adequately treated with conservative measures. (AR 18.) Plaintiff's medical records show that Plaintiff's kidney function was normal, and that medication and an abdominal binder helped to alleviate Plaintiff's complaints of abdominal pain. (AR 18, 478, 529-37, 606.) While Plaintiff reported chronic low back pain, Plaintiff's symptoms were consistently treated with

---

[2/] Plaintiff further asserts that "the VE's testimony reflects an understanding that Plaintiff would be able to stand the entire six hours" and that the VE's testimony failed to take into account the erosion of the occupational base for the food sales clerk, due to Plaintiff's standing and walking limitations. (JS 5.) These additional claims need not be addressed, as the ALJ's hypothetical questions were inadequate.

Page 5

1  medication only. (AR 18, 43-44, 112, 478, 529-37, 613-14.) Plaintiff's routine and
2  conservative treatment supported the adverse credibility determination. *Parra v. Astrue*,
3  481 F.3d 742, 751 (9th Cir. 2007) ("We have previously indicated that evidence of
4  'conservative treatment' is sufficient to discount a claimant's testimony regarding
5  severity of an impairment.") (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.
6  1995)).

7  The ALJ further found that Plaintiff's allegations of disabling limitations were
8  inconsistent with his activities of daily living. (AR 19.) Plaintiff testified that he is able
9  to drive, take his family to the park, help his children with their homework, prepare
10 simple meals for his family, perform some light household chores, grocery shop with his
11 wife, care for himself independently, manage bills and financial accounts, read, and
12 watch television. (AR 19, 40, 142-47.) Plaintiff even acknowledged that his doctor told
13 that him that he could "do most activities such as playing soccer, running, tennis, etc."
14 (AR 19, 147, 584.) The inconsistency between Plaintiff's testimony describing extreme
15 functional limitations and his admitted daily activities constituted a specific, clear and
16 convincing reason for finding Plaintiff's subjective complaints less than fully credible.
17 (AR 19); *see Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009)
18 (ALJ may consider inconsistencies between the claimant's testimony and her conduct,
19 daily activities, and other factors in reaching a credibility determination); *Curry v.
20 Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that claimant's ability to "take
21 care of her personal needs, prepare easy meals, do light housework and shop for some
22 groceries . . . may be seen as inconsistent with the presence of a condition which would
23 preclude all work activity").

24 Accordingly, reversal or remand is not warranted based on Issue #2.

### Issue #3

26 Plaintiff contends that the ALJ failed to give proper consideration to the third-party
27 function report completed by Plaintiff's wife, Karima Shakoor. (JS 19-24, 26; AR 129-
28 38.)

"[T]o discount competent lay witness testimony, the ALJ must give reasons that are germane to each witness." *Molina v. Astrue*, 674 F.3d 1104, 1114-15 (9th Cir. 2012) (citation and internal quotation marks omitted); *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996); *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (the ALJ need only cite "arguably germane reasons" for dismissing lay witness testimony). The ALJ may also "draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

The ALJ discounted Ms. Shakoor's statement because it was inconsistent with the opinions and observations of Plaintiff's physicians. (AR 18, 46-53, 129-38, 145-47.) Inconsistency with the medical evidence is a germane reason for discounting lay witness testimony. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (stating that an ALJ may reject lay witness testimony based on its inconsistency with medical evidence in the record) (citing *Lewis*, 236 F.3d 503 at 511). Further, the ALJ found that Ms. Shakoor's statement alleged essentially the same restrictions as Plaintiff's discredited testimony. (AR 18, 40, 46, 52, 129-38, 142-47.) Thus, the ALJ's reasons for discounting Plaintiff's subjective complaints provided additional support for the rejection of Ms. Shakoor's statement. (AR 18); *see Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (upholding rejection of a third-party family member's testimony, which was similar to the claimant's, for the same reasons given for rejection of the claimant's complaints).[3]

Accordingly, reversal or remand is not warranted based on Issue #3.

---

[3] The ALJ rejected Ms. Shakoor's statement because she had a familial interest in the outcome of Plaintiff's case and was not a medical professional. (AR 20.) These reasons were not valid grounds for rejecting Ms. Shakoor's statement. *See, e.g., Smolen*, 80 F.3d at 1289 ("[t]he fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony") and *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (ALJ must "consider observations of non-medical sources," e.g., lay witnesses, "as to how impairment affects claimant's ability to work"). However, the error was harmless because the ALJ gave at least one valid reason for rejecting Ms. Shakoor's statement. *See Stout v. Comm'r*, 454 F.3d 1050, 1056 (9th Cir. 2006) (an error in addressing lay witness testimony is harmless, if a reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.").

**ORDER**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds a remand is appropriate because there are unresolved issues that, when properly resolved, may ultimately still lead to a not disabled finding. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353 (2002) (upon reversal of administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation") (internal quotation marks and citation omitted). Accordingly, the present case is remanded for further proceedings consistent with this Memorandum and Order.

IT IS THEREFORE ORDERED that a judgment be entered reversing the Commissioner's final decision and remanding the case so the ALJ may make further findings consistent with this Memorandum and Order.

DATED: July 17, 2014

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE